**UNITED STATES OF AMERICA**                                              **PLAINTIFF**

**v.**

**VICTOR C. GUZMAN**                                                    **DEFENDANT**

## MEMORANDUM OPINION AND ORDER

This case is on appeal from the Magistrate Judge's denial of a Motion to Suppress breathalyzer evidence. Defendant has filed a brief (DN 9). The Government has filed a brief (DN 10). Defendant has filed a reply (DN 11). Accordingly, this matter is ripe for adjudication. The ruling of the Magistrate Judge is AFFIRMED but the case is REMANDED for proceedings consistent with this opinion.

## BACKGROUND[1]

Defendant was taken into custody in front of his barracks on the Kentucky side of Fort Cambell. He was suspected of driving under the influence. The Military Police escorted Defendant to a nearby station and two officers performed a breathalyzer test on Defendant. The officers' credentials to preform the test are unclear on appeal. Defendant's blood alcohol content exceeded the legal limit, and he was charged with driving under the influence under the Assimilative Crime Act.

Defendant filed a motion to suppress challenging the officers' failure to follow Kentucky law when administering the breathalyzer test. The magistrate denied the Motion to Suppress on

---

[1] The Background recites only the facts relevant to the appeal.

the grounds that (1) Kentucky law was not applicable[2]; and (2) a Motion to Suppress was not an appropriate vehicle for challenging breathalyzer evidence under the Federal Rules of Evidence.[3] The Defendant entered a conditional guilty plea preserving his right to appeal the denial of the suppression motion.

## STANDARD

Under the Assimilative Crime Act, "the scope of the appeal [to the district court] is the same as an appeal to the court of appeals from a judgment entered by a district judge." FED. R. CRIM. P. 58(g)(2)(D). The district court may consider the original papers, exhibits, recordings of the proceedings, and certified copies of docket entries. FED. R. CRIM. P. 58(g)(2)(C). Conclusions of law are reviewed *de novo*. Conclusions of fact are reviewed for abuse of discretion.

## ANALYSIS

The first issue presented by Defendant is whether Kentucky or Federal evidentiary rules apply when using the Assimilative Crime Act. The Assimilative Crime Act provides for the adoption of state substantive law, but makes no provision for procedure. Every court addressing the issue has determined that the Federal Rules of Evidence apply when using the Assimilative Crime Act. *E.g. United States v. Montjoy*, No. 3:08-po-101, 2009 WL 948533 at *5 (S.D.Ohio April 6, 2009); *United States v. DeWater*, 846 F.2d 528, 529 (9th Cir. 1988) (citing *United States v. Wilmer*, 799 F.2d 495 (9th Cir. 1986)); *United States v. Price*, 812 F.2d 174, 175 (4th Cir. 1987). Accordingly, it seems appropriate to apply the Federal Rules of Evidence to the instant

---

[2]Discussed in the Supplemental Memorandum Opinion

[3]Discussed in the Original Memorandum Opinion

case.

The next issue raised by Defendant is whether, when applying federal law, the Motion to Suppress the breathalyzer evidence was properly denied. A Motion to Suppress is appropriate "when evidence sought to be introduced in a criminal case is alleged to have been unlawfully obtained." *Searches and Seizures, Arrests and Confessions*, § 20:1, Introduction to the Motion to Suppress. In the current case, Defendant makes no contention that the evidence was unlawfully obtained.[4] Accordingly, a Motion to Suppress was not the correct way to challenge the breathalyzer evidence since the challenge revolved around whether the test was correctly administered and whether the officers administering the test were properly trained. This argument goes to reliability and not the lawfulness of the evidence. *Accord United States v. Mescher*, No. M-3-91-305, 1991 WL 224270 (S.D. Ohio October 28., 1991) (citing *Jones v. United States*, 362 U.S. 257, 264 (1960)). The challenge should have instead been mounted by applying the Federal Rules of Evidence. *See, e.g.*, FRE 702. Accordingly, the denial of the Motion to Suppress is AFFIRMED.

However, on appeal, Defendant asks for a *Daubert* hearing. Such a hearing would more properly involve a Motion to Exclude evidence, which is the appropriate way to challenge evidence that may be unreliable under the Federal Rule of Evidence. However, Defendant is raising this issue for the first time on appeal. To avoid any miscarriage of justice on the mere formality of how the pleadings were styled, this Court will remand and request the magistrate judge to subject the breathalyzer results to the appropriate reliability scrutiny under the Federal

---

[4]Defendant had a better argument that a Motion to Suppress was appropriate when applying Kentucky law, since Defendant argued that the procedures used to collect the breathalyzer evidence violated Kentucky statutes.

Rules of Evidence.

The problem lies that Defendant presented this motion as a motion to suppress rather than a motion to exclude evidence or a motion for a Daubert hearing. It is clear in preserving the appeal, it was the intent to preserve an appeal of the failure to conduct a Daubert hearing to test the reliability of the evidence. Likewise, the magistrate judge ruled on all motions as presented to him, and certainly cannot be faulted in how he managed the case and ruled on the motions as presented. In order to address all issues, the case is remanded to the magistrate judge to determine if the breathalyzer test meets the standard of reliability.

IT IS SO ORDERED.